**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Hannibal-Fisher, et al., | No. CV-20-01007-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Grand Canyon University, | |
| Defendant. | |

Before the Court is Plaintiffs' Renewed Emergency Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion to Amend the First Amended Case Management Order ("MFR"). (Doc. 75.) Defendant filed a Response (Doc. 77), and Plaintiffs filed a Reply (Doc. 79). After considering the parties' arguments and the relevant law, the Court will grant in part the MFR's request to amend the First Amended Case Management Order ("CMO") (Doc. 58) to extend the filing deadlines for a class certification motion—as previously decided by this Court. (*See* Doc. 72.) The MFR will be otherwise denied for the following reasons.

## I.      BACKGROUND

On April 27, 2022, Plaintiffs filed a Motion to Consolidate Cases (Doc. 60) and a Motion to Amend CMO (Doc. 61). On June 30, 2022, the Court denied Plaintiffs' Motion to Amend CMO. (Doc. 69.) That same day, Plaintiffs filed their original Emergency Motion to Reconsider the Court's Order Denying Plaintiffs' Motion to Amend CMO. (Doc. 71.) On July 1, 2022, the Court issued an order setting a telephonic

1  conference for July 5 regarding Plaintiffs' original Motion for Reconsideration.  In part,
2  the order stated: "The hearing is set past the deadline to file the Motion for Class
3  certification. Plaintiff will be allowed a minimal time after the hearing to file the motion
4  even if the requested 30 days is not granted."[1]  (Doc. 72.)  During the July 5 hearing, the
5  Court denied Plaintiffs' original Motion for Reconsideration without prejudice so the
6  Motion to Consolidate could be ruled on first.  *See* (Docs. 73; 75 at 2.)  Shortly after, the
7  Court denied Plaintiffs' Motion to Consolidate.  (Doc. 74.)

8      Presently, Plaintiffs have filed a renewed MFR (Doc. 75) regarding the Court's
9  denial of their Motion to Amend CMO (Doc. 69).  Plaintiffs argue the MFR should be
10  granted because: (1) Plaintiffs have not been dilatory in seeking discovery for the class
11  certification, and any perceived delays are due to Defendant's failure to produce the
12  relevant information; (2) the Court previously agreed to extend the filing deadline for a
13  class certification motion; and (3) Plaintiffs are promptly seeking reconsideration on a
14  limited number of issues following the Court's most recent Orders.  (Doc. 75 at 2.)
15  Defendant opposes the MFR on the grounds that it fails to satisfy Fed. R. Civ. P. 7.2,
16  LRCiv 7.2(g)(1), and controlling caselaw.  (Doc. 77 at 3.)

17  **II.    LEGAL STANDARD**

18      "Motions to reconsider are appropriate only in rare circumstances."  *333 W.*
19  *Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995).  "The
20  purpose of a motion for reconsideration is to correct manifest errors of law or fact or to
21  present newly discovered evidence."  *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342,
22  1351 (D. Ariz. 1995) (quoting *Harsco Corp. v. Zlotnicki*, F.2d 906, 909 (3d Cir. 1985)).
23  "A motion for reconsideration should not be used to ask a court to rethink what the court
24  had already thought through."  *Id.* (cleaned up).  Motions for reconsideration should be
25  denied if they only reiterate previous arguments.  *See Maraziti v. Thorpe*, 52 F.3d 252,
26  255 (9th Cir. 1995); *see also Ogden v. CDI Corp.*, No. CV 20-01490-PHX-CDB, 2021
27  WL 2634503, at *3 (D. Ariz. Jan. 6, 2021) (denying a motion for reconsideration when

28

---

[1] A motion for class certification was otherwise due on July 1, 2022.  (*See* Doc. 75 at 2.)

plaintiff did "nothing more than disagree with this Court as to the relevant law").

Furthermore, under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent."  In considering whether to amend a scheduling order to reset discovery deadlines, district courts must consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (courts consider whether the moving party "demonstrate[d] diligence in complying with the dates set by the district court").  If the party seeking modification was not diligent, the inquiry should end.  *Johnson*, 975 F.2d at 609.  However, a "district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (cleaned up).

Moreover, Local Rule of Civil Procedure ("Rule") 7.2(g)(1) governs motions for reconsideration.  It provides that:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support or in opposition to the motion that resulted in the

<u>Order. Failure to comply with this subsection may be grounds for denial of the motion.</u>

LRCiv 7.2(g)(1) (emphasis added).

## III.   DISCUSSION

Plaintiffs' MFR does not satisfy Rule 16(b)(4)'s good cause standard, which is determined using *City of Pomona*'s six-factor test.  Despite the Court relying upon both authorities when denying the original Motion to Amend CMO, Plaintiffs' MFR fails to cite either, let alone conduct a full analysis of the six factors.  (*See* Doc. 69.)  Plaintiffs' Reply contends the MFR's arguments do address the *City of Pomona* factors, and yet for the first time, the Reply directly analyzes each factor while referencing the MFR where applicable.  (Doc. 79 at 3–7.)  But even considering the applicable MFR arguments, the Court finds the test weighs against granting the MFR because Plaintiffs lacked diligence in seeking the amendment.  *See Johnson*, 975 F.2d at 609.  Although the inquiry should end there, the Court will nonetheless analyze the six-factor test.  *See City of Pomona*, 866 F.3d at 1066.

### A.   *City of Pomona* **Six-Factor Test**

#### 1.   <u>Whether trial is imminent.</u>

Plaintiffs' MFR does not directly address this factor.  At most, Plaintiffs' MFR notes that the Court extended the class certification deadline to first rule on Plaintiffs' Motion to Consolidate.  (*See* Docs. 75 at 10; 79 at 3.)  Defendant argues that although a trial date has not been set, this factor weighs against granting the MFR because the original deadline to move for class certification has passed.  (Doc. 77 at 7.)  However, the Court had already ruled that a minimal time extension would be granted for Plaintiffs to move for class certification.  Most significantly, a trial date has still not been set.  As such, this factor weighs in favor of granting the MFR.

#### 2.   <u>Whether the request is opposed.</u>

Defendant has filed a Response in opposition to Plaintiffs' MFR.  (Doc. 77.) Factor two weighs against granting the MFR.

3.     Whether the non-moving party would be prejudiced.

Plaintiffs' MFR argues that Defendant will not be prejudiced because it is being asked to produce relevant documents in discovery, and because Defendant's belatedly raised claim-splitting defense delayed the parties' resolving their outstanding discovery dispute. (Doc. 75 at 10.) Defendant counters that the claim-splitting defense was timely raised and asserts that Plaintiffs will be unable to certify their class. (Doc. 77 at 7–9.) As such, Defendant argues that reopening discovery and requiring Defendant to exhaust time and fees responding to discovery requests would be prejudicial. (*Id.*) However, the Court had already determined that Plaintiffs would receive additional time to file a class certification motion. The Court will not engage in that motion's potential merits at this time. Defendant raises no additional prejudice concerns. For these reasons, the Court finds factor three favors granting the MFR.

4.     Whether the moving party was diligent in obtaining discovery within the guidelines established by the court.

Plaintiffs argue they diligently sought discovery. Plaintiffs allege their first written discovery request asked for information on refunds issued, total enrolled students, semester tuition, course modality, and other financial information pertaining to course modality. (Doc. 75 at 7.) Plaintiffs further allege that on September 16, 2021, Defendant promised to produce the requested information. (*Id.*) Next, Plaintiffs contend that "Defendant failed to inform Plaintiffs that it would no longer participate in discovery and would not compromise until approximately two weeks before the fact discovery deadline." (*Id.*) Plaintiffs thus argue they diligently sought discovery and the requested amendments to the CMO shortly after. Defendant argues to the contrary, noting: (1) Plaintiffs could have moved for an amendment to the CMO months before, but only did so five days before the discovery deadline; (2) Plaintiffs have known about witnesses for more than a year, but failed to filed notices for any depositions; and (3) Plaintiffs never sought Court intervention for the alleged yearlong discovery dispute. (Doc. 77 at 10–13.)

The Court finds Plaintiffs were not diligent. Plaintiffs fail to present any caselaw

that either supports their argument or suggests that the Court's prior analysis was erroneous. (*See* Doc. 69.) Plaintiffs did not move to amend the CMO until *five days before* the discovery deadline. Plaintiffs justify this delay by pointing to Defendant's alleged failure to respond to their discovery request for nearly a year, and to Defendant's alleged failure to notify Plaintiffs until two weeks before the discovery deadline. Furthermore, Plaintiffs' Reply claims that "Plaintiffs had no reason at that time to assert that the Defendant would not keep its promise." (Doc. 79 at 6.) This belief does not relieve Plaintiffs' failure to seek the Court's intervention for an ongoing discovery dispute they had for "nearly a year." (Docs. 75 at 7; 79 at 6.) Given this background and Plaintiffs' failure to present any legal support suggesting that the Court erroneously decided this matter in its previous Order, the Court cannot say that Plaintiffs were diligent in seeking discovery or amendments to the CMO. *See Johnson*, 975 F.2d at 609. Thus, this factor weighs against granting the MFR.

5.   The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court.

Plaintiffs do not directly address this topic in the MFR but concede that they request no additional discovery. (Doc. 79 at 7.) Rather, Plaintiffs seek to reopen discovery to acquire the information that Defendant did not produce during the dispute. (Docs. 75 at 2–3, 7; 79 at 7.) Plaintiffs' Reply argues that because this discovery was "previously promised" by Defendant, this factor weighs towards granting the MFR.

Defendant notes that Plaintiffs' MFR merely seeks "to reopen discovery and set a deadline for their Certification Motion that provides sufficient time for resolution of the outstanding discovery, including any additional disputes." (Doc. 75 at 7.) Defendant therefore contends that this is not a motion to seek new discovery, but to resolve outstanding discovery disputes. (Doc. 77 at 13.) Additionally, Defendant argues that Plaintiffs have known about this outstanding discovery for over a year, but did not seek Court intervention until five days before the discovery deadline—striking against needing additional time outside the CMO's deadlines. (*Id.*)

- 6 -

The parties agree Plaintiffs are not seeking new discovery.  Rather, Plaintiffs seek to reopen discovery to resolve the dispute.  The Court finds no reason that additional discovery is needed, or that the previous deadlines were too restrictive.  Factor five therefore weighs against granting the MFR.

> 6.     The likelihood that the discovery will lead to relevant evidence.

Plaintiffs argue that the evidence sought is highly relevant to their forthcoming class certification motion, as that evidence relates to numerosity, commonality, ascertainability, damages, and typicality.  (Docs. 75 at 1–3, 7; 79 at 7.)  Defendant argues that the sought discovery is irrelevant because Plaintiffs' class certification motion will fail on the merits.  (Doc. 77 at 13–15.)  The Court will not address the potential merits of Plaintiffs' class certification.  Defendant does not dispute that Plaintiffs' discovery requests are relevant to their class certification motion, even if it disputes the motion's likelihood of success.  Factor six weighs in favor of granting the MFR.

In conclusion, although the factors are evenly split, *Johnson* instructs the Court that determining the moving party's diligence is the most important factor in applying Rule 16(b)(4)'s good cause standard.  975 F.2d at 609.  *Johnson* also instructs that if a Court finds a party was not diligent, the inquiry ends there.  *Id.*  Therefore, even when all six *City of Pomona* factors are contemplated, the Court's previous analysis stands.  Barring the Court granting its previously decided minimal time extension for Plaintiffs to file a class certification motion, Plaintiffs' MFR is denied in its entirety.

**B.     Local Rule of Civil Procedure 7.2(g)**

Defendant also alleges that Plaintiffs' MFR fails to satisfy the requirements of LRCiv 7.2(g).  Because the Court has already ruled on the MFR's merits, this procedural argument is moot.

**C.     Attorneys' Fees**

Defendant argues it is entitled to attorneys' fees and costs for responding to Plaintiffs' MFR because it was frivolous and filed in bad faith.  (Doc. 77 at 18–19.)  Defendant cites to 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Imposing fees under § 1927 "require[s] a showing of intent, recklessness, or bad faith." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1048 (9th Cir. 1985); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (noting that under § 1927 "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith").

Defendant argues Plaintiffs filed the MFR in bad faith because: (1) the MFR repeats arguments made in the original Motion to Amend CMO; (2) the MFR violates and fails to cite LRCiv 7.2(g)(1); and (3) "there is no excuse" for Plaintiffs' failing to analyze how the *City of Pomona* factors apply because they were cited as controlling authority in the Court's Order denying the original Motion to Amend CMO.  (Doc. 77 at 18–19.)  Plaintiffs respond that "this Motion was invited by the Court when it denied the prior motion without prejudice in order for the Court to first rule on the Motion to Consolidate."  (Doc. 79 at 9.)  Plaintiffs further argue that the Court has yet to set a new deadline for filing a motion for class certification—which warrants the MFR—and that each requirement under LRCiv 7.2(g) and the factors in *City of Pomona* were satisfied. (*Id.*)

The Court finds Plaintiffs did not file the MFR in bad faith.  The Court dismissed the original MFR without prejudice so the Motion to Consolidate could be decided first, not because it was denied on the merits.  This invited Plaintiffs to file the renewed MFR. Furthermore, the Court has addressed the substantive deficiencies with Plaintiffs' MFR but does not find Plaintiffs' arguments to be frivolous.  Defendant's request for attorneys' fees is denied.

IV.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Renewed Emergency MFR of the Court's Order

Denying Plaintiffs' Motion to Amend the First Amended CMO is granted in part and denied in part.  (Doc. 75.)

**IT IS FURTHER ORDERED** amending the First Amended Case Management Order to allow Plaintiffs to file a motion for class certification on or before February 3, 2023.  Defendants shall file its opposition on or before March 6, 2023.  Plaintiffs shall file their reply on or before March 20, 2023.  (Doc. 58 at 2 ¶ 5.)

**IT IS FURTHER ORDERED** that the remaining portions of Plaintiffs' MFR is denied.  (Doc. 75.)

**IT IS FURTHER ORDERED** denying Defendants' request for attorneys' fees. (Doc. 77.)

Dated this 4th day of January, 2023.

Honorable Susan M. Brnovich
United States District Judge